UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RACQUEL LEWIS,

                    Plaintiff,

     -against-

UNITED STATES OF AMERICA, DEPARTMENT
OF HEALTH SERVICES, U.S. DEPARTMENT
OF JUSTICE, HOMELAND SECURITY
DHS PUBLIC SAFETY AND ICE, and DEPARTMENT
OF DEFENSE,

                  Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-2503 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Racquel Lewis ("Plaintiff") brings this *pro se* action against the United States and

agencies of the federal government ("Defendants").  (Dkt. 1 ("Compl.") at ECF 1–3.[1])  Plaintiff's

request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, (Dkt. 2), is granted

solely for the purpose of this Order.  For the reasons discussed below, the complaint is dismissed.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is

satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  At

the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded,

nonconclusory factual allegations" in the complaint.  *See Kiobel v. Royal Dutch Petroleum Co.*,

621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).  A

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell*

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an IFP complaint.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   Thus, "a court is not bound . . . to accept without question the truth of the plaintiff's allegations.   We therefore reject the notion that a court must accept as 'having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id.* (citation omitted) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

## DISCUSSION

### I.    Plaintiff's Allegations are Frivolous

Plaintiff's 202-page complaint is nonsensical and does not present any cognizable claim.

For example, Plaintiff states:

> Starting 2019 in my laptop until current 2024 – DHS Public Safety have been identified in my technology on many occasions tracking my location, controlling my phone calls with E911, listening to me with installed sound service, using virtual machines to monitor my online activity, and conducting OTA – over the air updates and patches from their state machine.   OEM is located in my technology overriding (11) media activity and also activating my camera sound.

(Compl. at ECF 10.)   Plaintiff further states:

> Even though there is level of expected privacy in public places as explained in the Constitution, I will mention for the sake of DHSPS – ICE, the Fire department, apartment and building inspections, construction workers and electrical workers as well were all included in mapping my location, identifying me in my location, logging anything they noticed.   Whether I was driving my car and was noticed by a worker whom I would see pull out his phone after identifying my licenses [sic]

plate, or home waiting for fire extinguisher to be changed or inspected, or any other home inspections.

(*Id.* at ECF 11.)   Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings—and even if plaintiff believes them to be true—can only be described as frivolous and "clearly baseless."  *See Denton*, 504 U.S. at 33; *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting *id.* at 32–33)).

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33; *see Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's assertions that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where plaintiff "allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").  Here, given the implausibility of Plaintiff's allegations, the action cannot proceed.  *See Walker v. Real Life Church*, No. 22-CV-4455 (AMD) (LB), 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. USA*, No. 21-CV-6238 (LDH) (LB), 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the

allegations rise to the level of the irrational); *Gilot v. Government*, No. 21-CV-4346 (WFK), 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing *pro se* plaintiff's claims because they are "entirely fanciful and frivolous").

## II.    Plaintiff's Claims Against the United States are Barred

In addition, Plaintiff's claims against Defendants are barred because without a waiver of sovereign immunity, federal courts lack subject matter jurisdiction over a plaintiff's claims against the United States or its agencies.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016).  It is Plaintiff's burden to demonstrate that sovereign immunity has been waived, and in the absence of such a waiver, the court lacks jurisdiction.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Here, Plaintiff has failed to demonstrate the requisite waiver of sovereign immunity by the United States. Accordingly, her claims are barred.

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be granted liberally to *pro se* litigants.  *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'"  *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Here, the Court concludes that granting leave to amend would be futile and therefore declines to do so.

**CONCLUSION**

Accordingly, Plaintiff's complaint, filed IFP, is dismissed without prejudice as frivolous and for lack of subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3).

The Court notes that a review of Public Access to Court Electronic Records ("PACER"), a national database of cases filed in federal courts, reveals that Plaintiff has filed at least 29 cases in district courts around the nation.[2]  Plaintiff is cautioned that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system."  *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)).

The Clerk of Court is directed to enter judgment and close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 11, 2024
           Brooklyn, New York

---

[2] *See generally PACER Case Locator*, PACER, https://pcl.uscourts.gov/pcl/index.jsf (last visited Apr. 11, 2024).

5